**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALCOLA EDWARDS**, **BAKEEMA BROWN**, and **PARIS LOUIS**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DEVRY UNIVERSITY, INC.**,<br><br>Defendant. | Case No. 1:25-cv-15477<br><br>Honorable John F. Kness |

**DEVRY UNIVERSITY, INC.'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Gregory E. Ostfeld (#6257163)
Nair Marie Banks III (#6352628)
GREENBERG TRAURIG, LLP
360 North Green Street, Suite 1300
Chicago, IL 60607
(312) 456-8400
OstfeldG@gtlaw.com
Nair.Banks@gtlaw.com

*Counsel for Defendant DeVry University, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................ 2

I. PLAINTIFFS FAIL TO ALLEGE A CONCRETE INJURY-IN-FACT AS REQUIRED FOR STANDING BASED ON DEVRY'S ALLEGED DISCLOSURE OF PLAINTIFFS' DIRECTORY INFORMATION. ....................2

II. PLAINTIFFS FAIL TO OVERCOME THE ECPA'S PARTY COMMUNICATION EXCLUSION BECAUSE FERPA CANNOT SATISFY THE CRIME-TORT EXCEPTION AND PLAINTIFFS CANNOT PLAUSIBLY ALLEGE A FERPA VIOLATION (COUNT V). ..................................................3

A. An Alleged FERPA Violation Cannot Satisfy the Crime-Tort Exception. 4

B. Plaintiffs Have Failed to Plead a Criminal or Tortious Purpose................. 5

C. Plaintiffs Do Not Plausibly Allege that DeVry Violated FERPA Because Plaintiffs Allege Disclosure of Unprotected Directory Information........... 7

III. PLAINTIFFS' IEA CLAIM FAILS BECAUSE DEVRY IS A PARTY TO THE ELECTRONIC COMMUNICATION (COUNT VI). ............................................8

A. Plaintiffs' Distinction Between Eavesdropper and Principal Fails to Overcome the IEA's Party Communication Exclusion. ............................. 9

B. This Case Is Not Analogous to *Dawson v. University of Phoenix*............ 10

IV. PLAINTIFFS FAIL TO OVERCOME THE COMPLAINT'S PLEADING DEFECTS FOR EACH OF THEIR ILLINOIS COMMON LAW CLAIMS. ......10

A. Plaintiffs' Publicity Given to Private Life Claim Fails Because Plaintiffs Do Not Allege the Disclosure of Private or Sensitive Data (Count I). ..... 10

B. Plaintiffs' Negligence Claim Fails Because DeVry Has No Duty to Safeguard Plaintiffs' Data and There Was No Breach (Count II). ........... 12

C. Plaintiffs Fail to State a Claim for Breach of Implied Contract or Unjust Enrichment (Count III and IV). .............................................................. 13

CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D. v. Aspen Dental Mgmt., Inc.*,
No. 24 C 1404, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024)....5, 7

*B.K. v. Eisenhower Med. Ctr.*,
No. EDCV 23-2092 JGB, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024)....5

*Brahm v. Hosp. Sisters Health Sys.*,
No. 23-CV-444-WMC, 2024 WL 3226135 (W.D. Wis. June 28, 2024)....11

*Cherkin v. PowerSchool Holdings, Inc.*,
No. 24-CV-02706-JD, 2025 WL 844378 (N.D. Cal. Mar. 17, 2025)....11, 12

*Cooper v. Mount Sinai Health Sys., Inc.*,
742 F. Supp. 3d 369 (S.D.N.Y. 2024)....5

*Dawson v. Univ. of Phoenix*,
No. 1:25-CV-03497, 2026 WL 92248 (N.D. Ill. Jan. 13, 2026)....2, 10

*Doe v. Talkiatry Mgmt. Servcs.*,
816 F. Supp. 3d 1206 (C.D. Cal. 2026)....6

*In re Doubleclick Privacy Litig.*,
154 F. Supp. 2d 497 (S.D.N.Y. 2001)....6

*In re Facebook, Inc.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019)....11

*Gay v. Garnet Health*,
No. 23-CV-06950 (NSR), 2024 WL 4203263 (S.D.N.Y. Sept. 16, 2024)....5

*Hartley v. Univ. of Chicago Med. Ctr.*,
No. 22 C 5891, 2024 WL 1886909 (N.D. Ill. Apr. 30, 2024)....5

*Johnson v. Kmart Corp.*,
311 Ill. App. 3d 573 (2000)....11

*Kane v. Univ. of Rochester*,
No. 23-CV-6027-FPG, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024)....5

*Kurowski v. Rush Sys. for Health*,
No. 22 C 5380, 2023 WL 8544084 (N.D. Ill. Dec. 11, 2023)....5

*Kurowski v. Rush Sys. for Health*,
No. 22 C 5380, 2024 WL 3455020 (N.D. Ill. July 18, 2024) .......................................6

*L.C. v. Fertility Ctrs. of Ill., PLLC*,
No. 25 C 2049, 2025 WL 3514494 (N.D. Ill. Dec. 8, 2025) .......................................2

*Lisota v. Heartland Dental, LLC*,
No. 25-CV-7518, 2026 WL 91667 (N.D. Ill. Jan. 13, 2026) .......................................3

*In re Lurie Children's Hosp. Data Sec. Litig.*,
No. 24-CV-05503, 2025 WL 2754760 (N.D. Ill. Sept. 27, 2025) .......................................13

*Mayer v. Midwest Physician Admin. Servs., LLC*,
No. 23-CV-3132, 2025 WL 963779 (N.D. Ill. Mar. 31, 2025).......................................5

*McLaughlin v. Taylor Univ.*,
No. 1:23-CV-00527-HAB-SLC, 2024 WL 4274848 (N.D. Ind. Sept. 23, 2024).......................................13

*Mekhail v. N. Mem'l Health Care*,
726 F. Supp. 3d 916 (D. Minn. 2024).......................................5

*Nguyen et al. v. Abbott Lab'ys*, *Inc.*,
No. 24-CV-8289, 2025 WL 4763217 (N.D. Ill. Aug. 8, 2025).......................................8

*Olson v. Ferrara Candy Co.*,
2025 IL App (1st) 241126.......................................13

*Persinger v. Sw. Credit Sys., L.P.*,
20 F.4th 1184 (7th Cir. 2021) .......................................2, 3

*Progin v. Umass Mem'l Healthcare Inc.*,
No. 25cv40003, 2026 WL 632770 (D. Mass. Mar. 6, 2026) .......................................6

*Q.J. v. PowerSchool Holdings, LLC*,
No. 23 C 5689, 2025 WL 2410472 (N.D. Ill. Aug. 20, 2025) .......................................5

*R. C. v. Walgreen Co.*,
733 F. Supp 3d 876 (C.D. Cal. 2024) .......................................7

*R.S. v. Prime Healthcare Servs., Inc.*,
No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488 (C.D. Cal. Jan. 13, 2025) .......................................5

*Schmees v. HC1.COM, Inc.*,
77 F.4th 483 (7th Cir. 2023) .......................................8

*Smith v. City of Harvey*,
No. 24-CV-03611, 2025 WL 437889 (N.D. Ill. Feb. 7, 2025) .......................................8

*Smith v. Loyola Univ. Med. Ctr.*,
No. 23 CV 15828, 2024 WL 3338941 (N.D. Ill. July 9, 2024) ....................5

*Spokeo Inc. v. Robins*,
578 U.S. 330 (2016) ....................3

*Stein v. Edward-Elmhurst Health*,
No. 23-CV-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025), *motion to certify appeal granted,* No. 23-CV-14515, 2026 WL 594752 (N.D. Ill. Mar. 3, 2026) ....................5, 7

*Thakkar v. Ocwen Loan Servicing*,
No. 15 CV 10109, 2019 WL 2161544 (N.D. Ill. May 17, 2019) ....................12

*Theys v. Dental Intel., Inc.*,
No. 25 CV 2464, 2026 WL 636743 (N.D. Ill. Mar. 6, 2026) ....................5, 11, 13

*Wittmeyer v. Heartland All. for Hum. Needs & Rts.*,
No. 23 CV 1108, 2024 WL 182211 (N.D. Ill. Jan. 17, 2024) ....................13

**Statutes**

Illinois School Student Records Act, 105 ILCS 10/1, *et seq.* ....................8

Illinois Eavesdropping Act, 720 ILCS 5/14, *et seq.* ....................9, 10

Illinois Personal Information Protection Act, 815 ILCS 530/1 *et seq.* ....................12, 13

Family Educational Rights and Privacy Act, 20 U.S.C. § 1223(g), *et seq.* ....................1, 4

Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* ....................5

Electronic Communication Privacy Act, 18 U.S.C. §§ 2511(1), *et seq.* ....................4

**Other Authorities**

Restatement (Second) of Torts § 652D ....................10

Defendant DeVry University, Inc. ("DeVry" or "Defendant"), by its undersigned counsel, replies to Plaintiffs' Response in Opposition to Defendant DeVry University, Inc.'s Motion to Dismiss Plaintiffs' Class Action Complaint [ECF No. 28] ("Opposition" or "Opp.") as follows:[1]

## INTRODUCTION

Plaintiffs' Opposition rests on the facially implausible theory that DeVry uses Tracking Tools to collect and disclose Plaintiffs' Sensitive Information to third parties in violation of the Family Educational Rights and Privacy Act ("FERPA"). 20 U.S.C. §§ 1232g, *et seq.* But FERPA is not a criminal or tortious statute; it is a federal funding statute under which the federal government conditions grants to educational institutions. It lacks any criminal or civil liability provision, and the sole consequence for noncompliance is the potential withholding of federal funds. Moreover, Plaintiffs' own allegations and screenshots confirm that the alleged disclosures include no protected Education Records or Sensitive Information.

Plaintiffs' Opposition fails to rebut DeVry's Motion to Dismiss for five reasons.

***First,*** Plaintiffs do not allege DeVry disclosed any sufficiently private personal information to plausibly support a concrete injury-in-fact and thus cannot establish Article III standing.

***Second**,* Plaintiffs have failed to state a claim under the party communication exclusion to the Electronic Communication Privacy Act ("ECPA") 18 U.S.C. §§ 2511(2)(d), because Plaintiffs allege no facts showing DeVry disclosed Education Records in violation of FERPA, no facts showing DeVry acted for a criminal or tortious purpose, and no applicable law that a FERPA violation can serve as a predicate crime or tort to overcome the party communication exclusion.

[1] Unless otherwise indicated, capitalized terms have the same meaning here as in DeVry's Motion to Dismiss Plaintiffs' Class Action Complaint [ECF No. 19] ("Motion"), DeVry's Memorandum of Law in Support of its Motion to Dismiss [ECF No. 20] ("Memo"), or Plaintiffs' Class Action Complaint [ECF No. 1] ("Complaint" or "Compl.").

***Third,*** Plaintiffs' claim under the Illinois Eavesdropping Act ("IEA"), 720 ILCS 5/14, fails because DeVry cannot eavesdrop on its own communications, and *Dawson v. University of Phoenix*, No. 1:25-CV-03497, 2026 WL 92248 (N.D. Ill. Jan. 13, 2026), is inapposite.

***Fourth,*** Plaintiffs' failure to allege any collection or disclosure of their Sensitive Information or any FERPA or IEA violation means their state-law claims fail on the elements.

***Fifth,*** Plaintiffs fail to overcome their unequivocal consent to DeVry's data practices, as shown on the face of the pleadings.

## ARGUMENT

### I. PLAINTIFFS FAIL TO ALLEGE A CONCRETE INJURY-IN-FACT AS REQUIRED FOR STANDING BASED ON DEVRY'S ALLEGED DISCLOSURE OF PLAINTIFFS' DIRECTORY INFORMATION.

Plaintiffs concede that a concrete injury-in-fact is required for Article III standing and that intangible harm must be concrete, not abstract or speculative. Opp. at 3–4. Plaintiffs do not dispute DeVry's arguments that the categories of intangible harm asserted in the Complaint—including "lack of trust," "emotional distress and heightened concerns," "worry and anxiety," and a "diminution of value [in] their Sensitive Information"—do not meet this standard. *See id.*; *compare* Memo at 7–8. Plaintiffs have thus waived these arguments. Indeed, Plaintiffs' own authority confirms that "[e]ven if stress can be fairly labeled a dignitary harm, it is not a concrete injury." *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1191 (7th Cir. 2021) (citing *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021)).

Conversely, the authorities Plaintiffs cite in support of standing are not analogous to the facts alleged here. *See* Opp. at 4–5. Each involves the disclosure of inherently sensitive information, such as medical diagnoses, treatment data, or personal financial data, long recognized as giving rise to concrete harm. *See L.C. v. Fertility Ctrs. of Ill., PLLC*, No. 25 C 2049, 2025 WL 3514494, at *2 (N.D. Ill. Dec. 8, 2025) (alleged disclosure of patient diagnoses and treatment

information through a medical portal); *Lisota v. Heartland Dental, LLC*, No. 25 CV 7518, 2026 WL 91667, at *1 (N.D. Ill. Jan. 13, 2026) (same, involving dental patient records); *Persinger*, 20 F.4th at 1192 (disclosure of credit-related data analogous to inspection of "mail, wallet, or bank account"). These cases are inapplicable to Plaintiffs' allegations that DeVry tracked full student names along with some course titles and assignment names—but not full course schedules, grades, or similarly personalized and sensitive personal data. *See* Compl. ¶¶ 64–70.

Plaintiffs insist they "have properly plead[ed] concrete injury sufficient to confer Article III standing" by alleging that "DeVry injured them by disclosing their Sensitive Information without their consent[.]" Opp. at 4–5. But Plaintiffs' allegations that DeVry shared names, course titles, and assignment names do not and cannot link these limited disclosures to a historically-recognized privacy harm, as Article III requires. *See Spokeo Inc. v. Robins*, 578 U.S. 330, 341 (2016) (requiring a "close relationship" to historically-recognized harm). Plaintiffs' repeated recitation of the phrase "loss of privacy" means little absent any allegation of facts showing a concrete, particularized injury arising from the alleged disclosures. As Plaintiffs' own authority states, "an injury in law is not an injury in fact[,]" and only a person incurring a concrete personal harm may proceed in federal court. *Persinger*, 20 F.4th at 1190 (citing *Spokeo*, 578 U.S. at 341 ("[A] bare procedural violation, divorced from any concrete harm" does not satisfy Article III)).

Because Plaintiffs do not allege how they suffered a concrete or particularized injury-in-fact from DeVry's asserted disclosure of their names or non-personalized course titles or assignments, their Complaint should be dismissed under Rule 12(b)(1) for lack of standing.

## II. PLAINTIFFS FAIL TO OVERCOME THE ECPA'S PARTY COMMUNICATION EXCLUSION BECAUSE FERPA CANNOT SATISFY THE CRIME-TORT EXCEPTION AND PLAINTIFFS CANNOT PLAUSIBLY ALLEGE A FERPA VIOLATION (COUNT V).

Plaintiffs concede that DeVry "is a party to the communication[,]" and their ECPA claim

is only viable if Plaintiffs plausibly allege that DeVry intentionally intercepted their electronic communications "for the purpose of committing [a] criminal or tortious act[.]" Opp. at 5; 18 U.S.C. § 2511(2)(d). Plaintiffs attempt to meet this onerous burden by asserting DeVry acted to violate FERPA. Opp. at 5. Yet Plaintiffs fail to overcome the ECPA's party communication exclusion because a FERPA violation is not a crime or tort, and Plaintiffs have not plausibly alleged DeVry acted for the purpose of committing a FERPA violation or in fact violated FERPA.

### A. An Alleged FERPA Violation Cannot Satisfy the Crime-Tort Exception.

Plaintiffs' argument that FERPA satisfies the crime-tort exception fails on its premise because a violation of FERPA is not a crime or tort.

Plaintiffs assert "that the crime-tort exception is satisfied by a FERPA violation because the crime-tort exception is not limited only to statutes that establish a private right of action." Opp. at 7. That misstates and fails to rebut DeVry's argument. A FERPA violation does not satisfy the ECPA's crime-tort exception, not just because the statute lacks a private right of action but because FERPA is a federal funding statute and not a crime or tort at all.

The crime-tort exception, as its name reflects, requires a predicate legal offense that results in a crime or tort. In the words of the ECPA, the communication at issue must be "intercepted for the purpose of committing any ***criminal or tortious act***." 18 U.S.C. §§ 2511(2)(d) (emphasis added). A violation of FERPA is not a criminal or tortious act. It contains no criminal or civil liability provisions. The only potential penalty for violating FERPA is the withholding of federal funding. 20 U.S.C. § 1223(g)(b)(1) ("[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information . . . )").

FERPA is thus starkly different from the Health Insurance Portability and Accountability Act ("HIPAA"), the statute to which Plaintiffs seek to analogize it. A violation of HIPAA is both a criminal and tortious act punishable by fines up to $250,000 and imprisonment up to 10 years. 42 U.S.C. § 1320d-6(b). Plaintiffs' own authority acknowledges the importance of these liability terms: "[B]ecause a violation of HIPAA is a crime or tort . . . a violation of HIPAA can give rise to the crime-tort exception under the ECPA." *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, at *4–5 (N.D. Ill. Feb. 21, 2025), *motion to certify appeal granted,* No. 23-CV-14515, 2026 WL 594752 (N.D. Ill. Mar. 3, 2026). By contrast, a violation of FERPA ***cannot*** give rise to the crime-tort exception to the ECPA because a violation of FERPA is ***not*** a crime or tort. *See id.*[2]

**B. Plaintiffs Have Failed to Plead a Criminal or Tortious Purpose.**

To assert an ECPA claim, Plaintiffs acknowledge they must allege DeVry acted "for the purpose of committing [a] criminal or tortious act" and that a "violation of FERPA" can satisfy this requirement. Opp. at 5–8. But a FERPA violation is not a crime or tort, Plaintiffs have not plausibly alleged that DeVry acted for the purpose of committing a FERPA violation, and Plaintiffs

[2] Plaintiffs rely on *Q.J. v. PowerSchool Holdings, LLC*, No. 23 C 5689, 2025 WL 2410472, at *6 (N.D. Ill. Aug. 20, 2025), but that case affirmatively declined to take up the statutory differences between FERPA and HIPAA, whereas here DeVry has clearly identified a distinction that makes a material difference: violation of HIPAA is a crime and a tort; violation of FERPA is neither a crime nor a tort. *See id*. Plaintiffs' other authorities are likewise inapposite, because each involved alleged violations of HIPAA, a criminal and tortious statute that can satisfy the ECPA's crime-tort exception. *See Theys*, 2026 WL 636743, at *13 (finding crime-tort exception satisfied through use of tracking technologies to disclose HIPAA-protected information); *A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 WL 4119153, at *3 (N.D. Ill. Sept. 9, 2024) (same); *Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023) (same); *Smith v. Loyola Univ. Med. Ctr.*, No. 23 CV 15828, 2024 WL 3338941, at *7 (N.D. Ill. July 9, 2024) (same); *Mayer v. Midwest Physician Admin. Servs., LLC*, No. 23-CV-3132, 2025 WL 963779, at *3 (N.D. Ill. Mar. 31, 2025) (same); *Hartley v. Univ. of Chicago Med. Ctr.*, No. 22 C 5891, 2024 WL 1886909, at *2–3 (N.D. Ill. Apr. 30, 2024) (same); *R.S. v. Prime Healthcare Servs., Inc.*, No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488, at *7 (C.D. Cal. Jan. 13, 2025) (same); *B.K. v. Eisenhower Med. Ctr.*, No. EDCV 23-2092 JGB (DTBX), 2024 WL 2037404, at *4 (C.D. Cal. Apr. 11, 2024) (same); *Kane v. Univ. of Rochester*, No. 23-CV-6027-FPG, 2024 WL 1178340, at *5, 8 (W.D.N.Y. Mar. 19, 2024) (same); *Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916, 928 (D. Minn. 2024) (same); *Cooper v. Mount Sinai Health Sys., Inc.*, 742 F. Supp. 3d 369, 380 (S.D.N.Y. 2024) (same); *Gay v. Garnet Health*, No. 23-CV-06950 (NSR), 2024 WL 4203263, at *4 (S.D.N.Y. Sept. 16, 2024) (same).

have not plausibly alleged that DeVry in fact violated FERPA.

Plaintiffs "cannot establish that a defendant acted with a 'criminal or tortious' purpose simply by proving that the defendant committed any tort or crime." *In re Doubleclick Privacy Litig.*, 154 F. Supp. 2d 497, 515–17 (S.D.N.Y. 2001) (citing cases and legislative history). It "is not enough . . . that [a defendant] knowingly committed such acts, because that omits the requirement that the acts be done for criminal and tortious purposes as required by the language of the statute." *Progin v. Umass Mem'l Healthcare Inc.*, No. 25cv40003, 2026 WL 632770, at *4 (D. Mass. Mar. 6, 2026). "A person acts purposefully when he 'consciously desires' a particular result." *Kurowski v. Rush Sys. For Health*, No. 22 C 5380, 2024 WL 3455020, at *4–5 (N.D. Ill. July 18, 2024) (internal citations and quotations omitted).

Here, Plaintiffs cannot even allege that acting to violate FERPA (which is not a crime or tort) constitutes a criminal or tortious purpose, much less that DeVry acted with a conscious desire to act in violation of FERPA. Plaintiffs insist that "DeVry installed and configured the Tracking Tools to disclose their Sensitive Information to third parties, [and] . . . that DeVry's purpose in installing the Tracking Tools was to commit an act that violates the law," yet fail to identify where this putative allegation is to be found in their Complaint. Opp. at 5. There is no plausible factual allegation anywhere in the Complaint that DeVry acted for such a purpose—just conclusory legal asserts of an unlawful purpose. Compl. ¶¶ 65–73. The only purpose Plaintiffs attribute to DeVry in their factual allegations is the commercial purpose of marketing and advertising. *See, e.g.*, Compl. ¶¶ 11, 78–79, 151–52. That is not acting "for the purpose of committing" a criminal or tortious act, as argued in DeVry's opening Memorandum. *See* Memo at 9–10; *see also Doe v. Talkiatry Mgmt. Servcs.*, LLC, 816 F. Supp. 3d 1206, 1210 (C.D. Cal. 2026) (citations omitted) (holding the "mere collection of personal information for market research and advertising was not

for the purpose of committing a crime or tort”).[3]

### C. Plaintiffs Do Not Plausibly Allege that DeVry Violated FERPA Because Plaintiffs Allege Disclosure of Unprotected Directory Information.

Even if it were sufficient for Plaintiffs to allege a resulting FERPA violation (though it is not), Plaintiffs also have not alleged that DeVry's purported use of Tracking Tools violated FERPA. Plaintiffs assert that “DeVry installed and configured the Tracking Tools to disclose their Sensitive Information to third parties,” including “protected student records without authorization in violation of FERPA.” Opp. at 5. But the Complaint and Opposition show only the alleged disclosure of directory information such as a “student's full name, course titles and numbers, past and future assignment names,” and “navigation information.” Opp. at 6–7; Compl. ¶¶ 66–67.

Plaintiffs' reliance on a non-regulatory guidance statement from the Department of Education to argue that course schedules, class lists, and financial information are “undoubtedly educational records” is misplaced because such informal guidance is not authoritative, and neither FERPA nor its C.F.R provisions define these categories as education records. Opp. at 6. But even accepting Plaintiffs' informal guidance, Plaintiffs themselves concede that “[d]irectory information is limited to relatively innocuous identifiers such as ‘name, address, telephone listing, date and place of birth, [and] major field of study'”—exactly the kinds of information Plaintiffs allege. Opp. at 6. Plaintiff does not allege that DeVry's purported Tracking Tools transmitted

---

[3] Plaintiffs mischaracterize this argument as an attempt by DeVry to invoke its “financial motive” to “insulate [itself] from liability under the ECPA[.]” Opp. at 9. Not so. Plaintiffs' cited case law states that “even where a defendant is arguably motivated by monetary gain, the crime-tort exception may nonetheless apply[.]” *R. C. v. Walgreen Co*., 733 F. Supp 3d 876, 901 (C.D. Cal. 2024). Plaintiffs' cases still recognize the need to allege that defendant acted “for the purpose of committing” a “criminal or tortious act,” and not just that defendant's actions resulted in a criminal or tortious outcome. *Stein*, 2025 WL 580556, at *4; *see also Aspen Dental*, 2024 WL 4119153, at *2 (acknowledging plaintiff must allege “the defendant had criminal or tortious intent at the time it committed the alleged violation”). Plaintiffs' Complaint lacks any plausible factual allegation that DeVry deployed its “Tracking Tools” for the purpose of collecting and disclosing Plaintiffs' Education Records. Rather, Plaintiffs allege that DeVry collected Plaintiffs' directory information for the commercial purpose of advertising and marketing. *See* Compl. ¶¶ 9, 64–67, 69, 90–91.

Plaintiffs' full course schedules, class lists, or any financial information—just non-personalized course names and assignment names and Plaintiffs' full names. Plaintiffs' own screenshots likewise confirm that the data allegedly disclosed is non-personalized and/or limited to directory information (e.g. full name), not protected Education Records. *See* Compl. ¶¶ 66, 69.

This is similar to the issue addressed in *Nguyen et al. v. Abbott Lab'ys*, *Inc.*, No. 24-CV-8289, 2025 WL 4763217 (N.D. Ill. Aug. 8, 2025), where the court found plaintiffs' allegations that the defendant disclosed protected information were conclusory and "the screenshots preclude plaintiffs from plausibly alleging that [defendant's] website transmitted their protected health information." *Id*. at *3. The same is true here: Plaintiffs' own screenshots show code snippets, DeVry's website addresses, standalone words like assignment and grades, and a single Plaintiff's name, precluding any inference that FERPA-protected Education Records were transmitted. Memo at 3.

Finally, Plaintiffs' belated attempt to invoke the Illinois School Student Records Act ("ISSRA") 105 ILCS 10/1, *et seq.*, as a new basis for liability in their Opposition is impermissible and Plaintiffs should not "be allowed to smuggle it into the case[.]" *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023); *see Smith v. City of Harvey*, No. 24-CV-03611, 2025 WL 437889, at *2 (N.D. Ill. Feb. 7, 2025) (declining to consider new claims raised for the first time in an opposition brief because they were not included in the complaint and holding that such arguments are inappropriate). In any event, ISSRA does not apply to DeVry, a private university, as the statute expressly applies only to K-12 public schools. 105 ILCS 10/2(b).[4]

## III. PLAINTIFFS' IEA CLAIM FAILS BECAUSE DEVRY IS A PARTY TO THE

[4] The ISSRA defines "School" as "any public preschool, day care center, kindergarten, nursery, elementary or secondary educational institution, vocational school, special educational facility or any other elementary or secondary educational agency or institution and any person, agency or institution which maintains school student records from more than one school, ***but does not include a private or non-public school***." 105 ILCS 10/2(b) (emphasis added).

**ELECTRONIC COMMUNICATION (COUNT VI).**

### A. Plaintiffs' Distinction Between Eavesdropper and Principal Fails to Overcome the IEA's Party Communication Exclusion.

Plaintiffs fail to rebut DeVry's argument that it cannot be liable under Section 14-2(a)(2) of the IEA because it is a party to the communication and there was no "private conversation" as required by the statute. *See* Compl. ¶ 186; Memo at 12; Opp. at 11; 720 ILCS 5/14-2(a)(2). Plaintiffs' failure to address that provision concedes that no "oral conversation" occurred between Plaintiffs and DeVry, as required for liability under this provision. Opp. at 11.

Plaintiffs attempt to salvage their claim and circumvent the party exclusion under Section 14-2(a)(3) by framing DeVry as a "Principal" rather than an "Eavesdropper[.]" Opp. at 11. This effort fails because, regardless of whether DeVry is evaluated as a "Principal" or "Eavesdropper," Section 14-2(a)(3) only imposes liability on ***nonparties*** to a "private electronic communication." Opp. at 11; 720 ILCS 5/14-2(a)(3). DeVry is indisputably a party to the alleged private electronic communications, so it cannot be liable under this provision. Compl. ¶¶ 64–67.

Plaintiffs also do not plausibly allege a "private electronic communication." Compl. ¶¶ 64–67; Opp. at 11. The statute defines a "private electronic communication" as one where "the sending or receiving party intends the electronic communication to be private under circumstances reasonably justifying that expectation." 720 ILCS 5/14-1(e). Plaintiffs cannot establish a reasonable expectation of privacy in communications within DeVry's Portals given Plaintiffs' affirmative consent to DeVry's use of third-party tracking pixels. Memo at 20.

Lastly, the IEA's definition of "electronic communication" explicitly states that "[e]lectronic communication ***does not include any communication from a tracking device.***" 720 ILCS 5/14-1(e) (emphasis added). Plaintiffs claim numerous times that DeVry's Tracking Tools were tracking devices transmitting information to third parties. Compl. ¶¶ 5–6, 65–66, 71, 73, 75–

77. Yet, under the IEA, communications from tracking devices are not "electronic communications." 720 ILCS 5/14-1(e). By relying on Tracking Tools allegations, Plaintiffs have pleaded themselves out of an IEA claim. 720 ILCS 5/14-1(e); Compl. ¶¶ 64–67; Opp. at 11.

### B. This Case Is Not Analogous to *Dawson v. University of Phoenix*.

Plaintiffs rely on *Dawson v. University of Phoenix*, 1:25-CV-03497, 2026 WL 92248, at *16 (N.D. Ill. Jan. 13, 2026), to argue that DeVry is liable under the IEA as a "principal" who "knowingly derived[d] any benefit or information from the illegal use of an eavesdropping device by another[.]" Opp. at 11–12 (citing *Dawson*; 720 ILCS 5/14-1(c)). Plaintiffs mischaracterize the holding of *Dawson*. Although *Dawson* recognized that eavesdropper or principal can be liable and "'need not participate in a private (oral) conversation[,]'" it did not eliminate the statutory requirement that the defendant be a nonparty to a private electronic communication. *Dawson*, 2026 WL 92248, at *16. Here, by contrast, Plaintiffs have not plausibly alleged that DeVry was a nonparty or that any third party intercepted a private electronic communication as defined by the statute. Compl. ¶¶ 64–67; Opp. at 11–12.

## IV. PLAINTIFFS FAIL TO OVERCOME THE COMPLAINT'S PLEADING DEFECTS FOR EACH OF THEIR ILLINOIS COMMON LAW CLAIMS.

Plaintiffs' arguments in support of their state law claims largely repeat the same flawed theories advanced in support of their ECPA and IEA claims. Plaintiffs fail to address the dispositive pleading defects identified in DeVry's Motion and those deficiencies independently require dismissal of each state law claim.

### A. Plaintiffs' Publicity Given to Private Life Claim Fails Because Plaintiffs Do Not Allege the Disclosure of Private or Sensitive Data (Count I).

Plaintiffs assert that their invasion of privacy claim satisfies the elements of Restatement (Second) of Torts § 652D, because Plaintiffs allege "that their Sensitive Information was transmitted to a massive corporation, Google not only for its own use but for use in a mass

advertising surveillance apparatus that includes the operators of 74-percent of all web traffic." Opp. at 12; Compl. ¶¶ 5–10, 41. But as demonstrated, the only information allegedly transmitted by DeVry's Tracking Tools is directory information—not Sensitive Information or "education records[,]" as defined by FERPA. *See* § II supra; Compl. ¶¶ 6, 65–66.

Plaintiffs offer no rebuttal to DeVry's argument that their invasion of privacy claim fails under a theory of intrusion upon seclusion. Memo at 14; Opp. at 12. Instead, Plaintiffs pivot to a theory of invasion of privacy by publicity given to private life. Opp. at 12. This argument, however, also fails because Plaintiffs do not plausibly allege that the data disclosed was private, which Plaintiffs concede is a requirement. Opp. at 12; Compl. ¶¶ 5–10, 41. To state a claim for public disclosure of private facts, Plaintiffs must allege "(1) publicity was given to the disclosure of private facts; (2) the facts were private and not public facts; and (3) the matter made public would be highly offensive to a reasonable person." *Johnson v. Kmart Corp.*, 311 Ill. App. 3d 573, 579 (2000); Opp. at 12. Plaintiffs do not plausibly allege any of these elements.

The data at issue is directory information, not private facts. Compl. ¶¶ 6, 65–66. Plaintiffs' own authority emphasizes that the public disclosure of private facts is "a qualitative inquiry, and so 'while the number of recipients might be a relevant consideration,' more important is the character of the recipient and context of the disclosure." *Theys v. Dental Intel., Inc.*, No. 25 CV 2464, 2026 WL 636743, at *7 (N.D. Ill. Mar. 6, 2026) (citing *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1246 (11th Cir. 2022)). Plaintiffs' Opposition overstates the size of the alleged recipient audience and ignores the qualitative aspect of the inquiry. Every authority Plaintiffs cite in support of this argument is predicated on the disclosure of health records or private information by medical providers, not the collection or disclosure of directory

information in the education context.[5] Unlike in the health context where "facts regarding a person's . . . medical life are inherently private," there is no such inherent private nature to directory information, course names, or assignment names in the education context. *Thakkar v. Ocwen Loan Servicing*, No. 15 CV 10109, 2019 WL 2161544, at *13 (N.D. Ill. May 17, 2019).

Finally, Plaintiffs' argument that self-disclosure does not affect their privacy claim relies on out-of-circuit authority addressing intrusion upon seclusion, not publication of private facts. *See Cherkin v. PowerSchool Holdings, Inc.*, No. 24-CV-02706-JD, 2025 WL 844378, at *2 (N.D. Cal. Mar. 17, 2025). That case involved mandatory technology used in California public schools, not voluntary use of an educational portal at a private university. *Id.* at *1, 3.

### B. Plaintiffs' Negligence Claim Fails Because DeVry Has No Duty to Safeguard Plaintiffs' Data and There Was No Breach (Count II).

Plaintiffs attempt to overcome their failure to plead a common law duty of care by asserting that the 2017 amendments to the Illinois Personal Information Protection Act ("PIPA"), 815 ILCS 530/1 *et seq.*, created a new duty to protect personal information. Opp. at 14. However, PIPA defines "Personal Information" as an "individual's first name or first initial and last name in combination with . . .[their] "Social Security number . . . Driver's license number or State identification card number . . . Account number or credit or debit card number . . . Medical information . . . Health insurance information . . . Unique biometric data . . . [or] user name or email address, in combination with a password or security question and answer that would permit access to an online account[.]" 815 ILCS 530/5. Plaintiffs' PIPA-based duty argument fails because there is no overlap between "Personal Information" as defined by PIPA, and the "Sensitive

[5] *See Theys*, 2026 WL 636743, at *7 (disclosure of health records); *Brahm v. Hosp. Sisters Health Sys.*, No. 23-CV-444-WMC, 2024 WL 3226135, at *7 (W.D. Wis. June 28, 2024) (disclosure of health records); *Cherkin v. PowerSchool Holdings, Inc.*, No. 24-CV-02706-JD, 2025 WL 844378, at *1 (N.D. Cal. Mar. 17, 2025) (disclosure of health records); *In re Facebook, Inc.*, 402 F. Supp. 3d 767, 787 (N.D. Cal. 2019) (disclosure of sensitive internet data).

Information" allegedly disclosed in the Complaint. *Id.*; Compl. ¶¶ 6, 65–66.

None of Plaintiffs' cited authorities are applicable because each involved the disclosure of medical information, squarely within statutory protection, whereas neither Education Records nor Directory Information is protected by PIPA. *See* 815 ILCS 530/5; Opp. at 14. Even if DeVry were a "data collector[] in possession of the personal information of Illinois residents" and owed a "duty . . . to maintain reasonable security measures[,]" Plaintiffs have not alleged facts that demonstrate DeVry failed to "implement and maintain reasonable security measures." Compl. ¶¶ 133–37.

With respect to breach and causation of injury, Plaintiffs assert that they "adequately allege[d] a duty, breach of that duty, and damages." Opp. at 16. Even if Plaintiffs could assert DeVry owed a duty to them under PIPA (they cannot), they have not alleged a breach of that duty, because Plaintiffs do not allege that DeVry disclosed "Personal Information" as defined by PIPA, and do nothing more than make a conclusory assertion that DeVry did not maintain reasonable security measures. *See* 815 ILCS 530/5; Opp. at 15–16; Compl. ¶¶ 133–37.

### C. Plaintiffs Fail to State a Claim for Breach of Implied Contract or Unjust Enrichment (Count III and IV).

Plaintiffs do not address, and therefore waive, DeVry's argument that they have failed to allege a cognizable injury sounding in contract or equity, and that emotional harm, loss of privacy, and risk of future injury are not pecuniary injuries. Memo at 18. On this basis alone, the Court should dismiss Plaintiffs' breach of implied contract and unjust enrichment claims. Additionally, both claims rest on the erroneous premise that DeVry shared Plaintiffs' Sensitive Information, which Plaintiffs have not plausibly alleged. *See* § II supra.

Plaintiffs' Opposition does not cure these defects.[6] Their implied contract argument relies

[6] Plaintiffs' cited cases are distinguishable. In *Olson v. Ferrara Candy Co.*, 2025 IL App (1st) 241126, ¶ 60; *Theys*, 2026 WL 636743, at *10–12; *In re Lurie Children's Hosp. Data Sec. Litig.*, No. 24-CV-05503, 2025 WL 2754760, at *12 (N.D. Ill. Sept. 27, 2025); and *Wittmeyer v. Heartland All. for Hum. Needs & Rts.*, No. 23 CV 1108, 2024 WL

on the existence of a "sensitive relationship" and an implied promise of confidentiality but fails to allege any meeting of the minds or actual contractual terms, and does not plead actual damages. Opp. at 16–18; Compl. ¶¶ 4, 64, 141, 143. Plaintiffs' claimed injuries, including emotional distress, loss of privacy, and speculative diminution in value, are not recognized as contract damages under Illinois law. Memo at 18.

Plaintiffs concede that their unjust enrichment claim rises or falls with their breach of implied contract claim. Opp. at 18. Because Plaintiffs have not stated a viable contract claim, their unjust enrichment claim fails as a matter of law. Memo at 19–20.

## CONCLUSION

For the foregoing reasons, Defendant DeVry respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice in its entirety for lack of standing and failure to assert any claim upon which relief can be granted, and for such other and further relief as this Court may deem equitable and just.

182211, at *5 (N.D. Ill. Jan. 17, 2024), the courts found implied contracts only where plaintiffs alleged the disclosure of sensitive health information in contexts where confidentiality was expressly promised or required by statute. Here, Plaintiffs do not allege facts establishing a meeting of the minds or any contractual obligation to safeguard directory information, nor do they allege actual damages. Similarly, *McLaughlin v. Taylor Univ.*, No. 1:23-CV-00527-HAB-SLC, 2024 WL 4274848, at *8 (N.D. Ind. Sept. 23, 2024), involved an employer-employee or university-student relationship with explicit privacy expectations, not the voluntary use of an educational portal.

Dated: May 21, 2026

Respectfully submitted,

DEVRY UNIVERSITY, INC.

/s/ *Gregory E. Ostfeld*
*Attorney for DeVry University, Inc*

Gregory E. Ostfeld (ARDC #6257163)
Nair M. Banks III (ARDC #6352628)
**GREENBERG TRAURIG, LLP**
360 North Green Street, Suite 1300
Chicago, Illinois 60607
(312) 456-8400
OstfeldG@gtlaw.com
Nair.Banks@gtlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT DEVRY UNIVERSITY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** to be served by electronic transmission via ECF upon all attorneys of record on this 21st day of May 2026.

/s/ *Gregory E. Ostfeld*
*Attorney for DeVry University, Inc.*